09-5166-ag
Cedillos-Alvarado v. Holder

BIA
Straus, IJ
A071 596 796
A099 558 475

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of October, two thousand ten.

PRESENT:
> ROBERT A. KATZMANN,
> PETER W. HALL,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

RAUL ENRIQUE CEDILLOS-ALVARADO, also known as RAUL ENRIQUE IEDILLOS, also known as RAUL CEDILLOS, also known as RAUL EMRIGUE CEDILLOS, also known as RAUL ENRIQUE CEDILLOS-ALVARADO, also known as E RAUL CEDILLOS, also known as CEDILLOS RAUL E., also known as CEDILLOS E. RAUL; JUANA YANETH CEDILLOS, AKA JUANA YANETH CORTEZ,
> *Petitioners,*

v.

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

09-5166-ag

NAC

_____

FOR PETITIONERS:          Elyssa N. Williams, Formica, P.C.,
                          New Haven, Connecticut.

FOR RESPONDENT:           Tony West, Assistant Attorney
                          General; Francis W. Fraser, Senior
                          Litigation Counsel; W. Daniel Shieh,
                          Trial Attorney, Office of
                          Immigration Litigation, United
                          States Department of Justice,
                          Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Raul Enrique Cedillos-Alvarado and Juana Yaneth Cedillos, natives and citizens of El Salvador, seek review of a November 18, 2009, decision of the BIA denying their motion to remand and affirming the November 6, 2008, decision of Immigration Judge ("IJ") Michael W. Straus, which denied petitioners' application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Raul Enrique Cedillos-Alvarado, Juana Yaneth Cedillos*, Nos. A071 596 796, A099 558 475 (BIA Nov. 18, 2009), *aff'g* Nos. A071 596 796, A099 558 475 (Immig. Ct. Hartford Nov. 6, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The agency's factual findings are reviewed for "substantial evidence," and will be upheld unless any reasonable adjudicator would be compelled to conclude to the contrary. *Id.*; 8 U.S.C. § 1252(b)(4)(B). An alien who demonstrates past persecution benefits from a presumption that he faces a threat of future persecution for the purposes of both asylum and withholding of removal. *See* 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1)(i). The burden rests with the government to rebut this presumption by showing, by a preponderance of the evidence, *inter alia*, a "fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution in the applicant's country of nationality" or the reasonable possibility of internal relocation within the country of removal. 8 C.F.R. §§ 1208.13(b)(1)(i)-(ii), 1208.16(b)(1)(i)-(ii).

The BIA did not err in affirming the IJ's finding that assuming, *arguendo*, that petitioners had suffered past persecution, they no longer had a well-founded fear of future persecution because conditions in El Salvador had

3

fundamentally changed. The agency reasonably found that the government had met its burden of establishing a fundamental change in circumstances. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) (recognizing that conditions in El Salvador have materially changed and that the increase in general criminal violence does not lend support to an asylum claim). A U.S. Department of State report in the record indicated that the civil war in El Salvador ended in 1992, that former guerilla forces have not been targeting individuals who fought on the opposing side in that war, and that "there have not been politically motivated crimes in El Salvador in years." Bureau of Democracy, Human Rights, and Labor, U.S. Department of State, *El Salvador – Profile of Asylum Claims & Country Conditions – April 2003*, at 5. Such a U.S. Department of State report "[c]onsidered by itself . . . [can] constitute[] substantial evidence of a fundamental change in . . . country conditions sufficient to rebut any presumption of a well-founded fear of future persecution." *Lecaj v. Holder*, 616 F.3d 111, 116 (2d Cir. 2010).

Because the agency's finding that conditions in El Salvador had changed is dispositive of their claim of a well-founded fear of persecution, 8 C.F.R. § 1208.13(b)(1),

4

and all of petitioners' claims were based on the same factual predicate, the agency reasonably denied their applications for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

Nor did the BIA abuse its discretion in denying petitioners' motion to remand to apply for cancellation of removal. A decision on a motion to remand is reviewed for abuse of discretion. *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005). "A motion to remand that does not simply articulate the remedy sought on appeal will be held to the substantive standards applicable either to a motion to reconsider or to reopen." *Id*. Cancellation of removal requires, *inter alia*, a showing that the alien's "removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States." 8 U.S.C. § 1229b(b)(1)(D). However, petitioners failed to provide any detailed evidence regarding their U.S. citizen son's medical condition or treatment. The BIA therefore did not err in concluding that they failed to demonstrate a likelihood that their application for cancellation of removal would succeed on the

5

merits. *See INS v. Abudu*, 485 U.S. 94, 104 (1988) (recognizing that failure to offer evidence establishing a *prima facie* case for the underlying substantive relief sought is a proper ground for denying a motion to reopen); *see also In re M-S-*, 22 I.&.N. Dec. 349, 357 (BIA 1998) ("[W]here an alien is seeking previously unavailable relief and has not had an opportunity to present her application before the [IJ], the Board will look to whether the alien has proffered sufficient evidence to indicate that there is a reasonable likelihood of success on the merits.").

For the foregoing reasons, the petition for review is DENIED. Petitioner's motion for a stay of removal is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk